# LIZZIE SMITH v. JOHN MOSELEY et al., Plaintiffs in Error.

### Division Two, May 23, 1911.

1. **WRIT OF ERROR: Non-Joinder of Parties: Dismissal.** The statute requires all parties to the suit to be joined in the suit for writ of error; and if it is established or admitted that any are omitted, and no effort is made to bring them into court or to show why they were not joined, the writ will be quashed on motion of the defendant in error made before the submission of the cause. So that where a suit in partition was brought by one heir against twenty-two others, and all were satisfied with the judgment rendered except one defendant, a writ of error sued out of this court by said defendant in his own name as sole plaintiff in error, without joining any of his co-defendants or making any showing for failing to do so, and making only the plaintiff in the suit defendant in error in the writ, and they have not appeared or been notified, and no showing is made why they were not joined, his writ will be dismissed upon a motion filed before submission of the cause.

2. ————: ————: **How Admitted and Established.** Plaintiff in error admits by his petition for a writ filed with the clerk, which shows on its face the names of twenty-one other defendants besides himself, that they have not been joined in the suit for the writ in which he alone is named as plaintiff in error and the sole plaintiff is named as the sole defendant in error; and the fact that they have not been joined is established by the filing, in obedience to the writ, of the transcript showing they were parties below.

3. ————: ————: **Dismissed by Court of Own Motion.** The Supreme Court has the inherent power, in protection of its jurisdiction, upon its own initiative, without the filing by the defendant in error of any motion to quash, to dismiss the writ of error for failure to join necessary parties in the suit for the writ.

4. ————: ————: **Motion May be Made in Brief.** A motion to dismiss the writ of error may be made by defendant in error in his brief, filed before the cause is submitted, in which is set forth a specification of the reasons on which it is founded. It need not be written out in separate form. The statement in the brief is tantamount to a formal separate motion. And the point is not waived by the fact that the brief contains other points.

5. ———: Relief Obtainable in Trial Court: Irregularity in Judgment. A writ of error will not be entertained where the same relief sought by it may be obtained in the trial court. Where the writ is sought to correct an irregularity in a judgment, and a motion seeking the same thing, timely filed in the trial court, is still pending there, the writ will be dismissed.

6. ———: ———: ———: Motion Pending in Trial Court. Where plaintiff in error, on the same day that judgment was rendered against him in the trial court in the partition suit, on an amended petition charging him with interest on the overplus of an advancement above his distributive share in the personal estate from the date of the final settlement, filed a motion to set aside that part of the judgment charging him interest, on the ground that it was not asked for in the original petition, under which judgment had been rendered against him by default and no process had been served upon him after the amended petition had been filed, a writ of error, sued out while that motion was pending, it being still pending, seeking the same relief sought by the motion, will be dismissed.

Error to Boone Circuit Court.—*Hon. E. W. Hinton,* Special Judge.

Writ quashed.

*Thomas T. Fauntleroy, Shepard Barclay* and *P. H. Cullen* for plaintiffs in error.

(1) The original petition in this case contains no claim for advancements, or interest on advancements. This petition was duly served upon the plaintiff in error, but the plaintiff in error being satisfied with any judgment which might be entered in accordance with the allegations and prayer of that petition, made default. Without any notice to the plaintiff in error an amended petition was filed setting up advancements and demanding interest on advancements for a long period of time. The judgment in this case was rendered on the amended petition and plaintiff in error charged with advancements, and interest on advancements, and his entire interest in the estate greatly reduced. He contends that the judgment is erroneous.

R. S. 1899, sec. 776; Janney v. Spedden, 38 Mo. 396; Bobb v. Woodward, 42 Mo. 489; Railroad v. Atchison, 137 Mo. 230; Randall v. Snyder, 214 Mo. 30; 11 Ency. Pl. and Prac. 874; Black on Judgments (2 Ed.), secs. 138 to 143, and secs. 91 and 92. (2) In distributing an estate interest is not to be charged upon advancements. Nelson v. Myan, 21 Mo. 347; Raye v. Loper, 65 Mo. 472.

*C. B. Sebastian* for defendant in error.

(1) The same questions presented to this court for determination under the writ of error are still pending and undetermined in the circuit court of Boone county, on a motion to modify, amend and correct the judgment, and until that motion is passed upon by the trial court, the writ of error is not properly before this court and should be dismissed. (2) The judgment in partition determines, under the will of William Moseley, the interests of all the parties. It is sought by plaintiff in error to modify that judgment so as to diminish the interests of the defendant in error, Lizzie Smith, who was served with notice, and also to diminish the interests of seventeen of the other defendants in the court below, who have not been served with a notice of any kind of this proceeding, and are not before this court. (3) The judgment in partition and order of distribution have been executed and the money paid out to all the parties (except plaintiff in error) at the October term, 1905, a year before the writ of error was issued, so the money is not in court to be disposed of, and with neither parties nor property in court, this court is without jurisdiction in the matter. (4) But if the court should hold that it has jurisdiction to hear and determine the questions raised, then defendant in error insists that the judgment is fully warranted by the petition; there is no material variance between the petition and the amended petition.

BOND, C.—Lizzie Smith, one of the twenty-two heirs at law of William Moseley, deceased, filed a partition suit, making the other heirs defendants, in the circuit court of Boone county, on November 10, 1904, to sell for division the remaining real estate of their ancestor, who died in 1882, leaving a will setting forth the amount of the several advancements made in his lifetime to his children, and requiring such advancements to be charged to the respective child who had received them, on the final distribution of the testator's estate.

The petition prayed for the sale of the land, since it was not divisible in kind on account of the large number of heirs, and that the proceeds should be divided according to the directions of the will of the testator.

At a final settlement of the personal estate of the testator, to-wit, in 1889, the advancements made to all of the children of the testator were equalized, except as to the advancement made to John P. Moseley, which had been so large that it exceeded his distributive share in the personal estate of his father by $522. John P. Moseley died before the bringing of the partition suit, leaving his son, John Moseley, and three other children as his heirs. John Moseley was personally served with process and a copy of the petition in the partition suit, and made default therein, for which judgment was rendered against him. Thereafter, Lizzie Smith filed an amended petition, making substantially the same allegations contained in her original petition, except a further allegation that the overplus of the advancement to John P. Moseley beyond his distributive share in his father's estate, to-wit, $522, should bear interest at six per cent from the date of the final settlement of the personal estate, to-wit, February 13, 1889, and claiming that the amount, with interest so reckoned, should be charged against the portion of the proceeds of the sale of the

land coming to John Moseley and the three other heirs of John P. Moseley.

Thereafter, such proceedings were had in the partition suit as, at the June term, 1905, of the circuit court of Boone county, had resulted in a confirmation of the sale of the land and the execution of deeds to the purchasers, and a division of the proceeds among all the heirs except John Moseley, who refused to accept the amount tendered him by the sheriff, because the court in its judgment on the amended petition had charged him as one of the four children and heirs of John P. Moseley with his proportion of the interest on the advancement made to his father.

Thereafter, on the 9th day of October, 1906, John Moseley filed a written motion in said cause in the circuit court of Boone county, praying the setting aside of so much of the judgment rendered therein on the amended petition, as charged the amount coming to him as one of the four children of John P. Moseley with a proportion of the sum of the advancement and interest thereon made to his father. He alleged as the ground of this motion, that no such claim was made in the original petition of which a copy and summons had been served on him and wherein he had defaulted. This motion to set aside and vacate said judgment is still pending in the circuit court of Boone county.

On the same day, October 9, 1906, the said John Moseley sued out a writ of error from this court to bring before it for review the said judgment rendered in the circuit court of Boone county. In his written application for the writ, he set forth the name of Lizzie Smith as plaintiff, and the names of himself and twenty other heirs as being parties to the partition suit wherein the judgment had been rendered in the circuit court of Boone county, but he took out a writ in his own name as plaintiff in error without joining any of his co-defendants therein or making any showing for failing so to do. Neither have his co-

defendants appeared, nor are they represented by counsel in the writ of error pending in this court. The only party to this suit, except the plaintiff in error, is the defendant in error, the plaintiff below, who, though not notified, has appeared by counsel, who have filed a brief on her behalf, asking that the writ of error be dismissed:

First, Because the co-defendants of plaintiff in error have not been served with notice and are not before this court;

Second, Because the same questions presented to this court by this writ of error are now pending in the motion filed by the plaintiff in error in the court below;

Third, Because the judgment of the court below has been so far executed and performed that there is no fund in that court which could be disposed of; and asking,

Fourth, That if this court assumes jurisdiction, then judgment below should be affirmed.

I. Writs of error are writs of right at common law and by statute, but they are issuable "subject to the regulations prescribed by law." [R. S. 1909, sec. 2054.] Among other regulations prescribed for the issuance of these writs, the statute permits it to be sued out within one year after the judgment suit to be reviewed. [R. S. 1909, sec. 2056.]

The statute, however, in reference to the parties entitled to the writ, provides, that they "shall all join in such suit . . . and if any are omitted, the writ shall be quashed on motion of the defendant in error," made before the submission of the cause and supported by the affidavit. [R. S. 1909, sec. 2058.]

As to the fact of non-joinder of proper parties, the statute provides that "if it be established or admitted," then the plaintiff in error may answer, showing that "persons not joined" are incapable mentally

of consenting or are non-residents, etc. [R. S. 1909, sec. 2059.]

The subsequent sections of the statute give the party prosecuting the writ a further answer to the fact of non-joinder when "established or admitted," by permitting him to show that the persons not joined refused to join, and by pointing out a statutory method for him to bring them into court; and if they fail to appear, that they shall "be forever precluded from bringing another writ of error on the same judgment." [R. S. 1909, secs. 2061-2-3-4.]

This last clause in the statute shows the wisdom of its requirement, that all parties entitled to sue out writs of error directed at one judgment, shall be joined when the writ is obtained; for, otherwise, a separate suit might be brought by each of the persons entitled to the writ, to the delay and vexation of the plaintiff in obtaining the benefit of his judgment and to the unnecessary increase of litigation.

These evils constitute the basis of the general law which prohibits the issuance of writs of error except upon the joinder of all persons entitled. [7 Ency. Pl. & Pr., p. 860.]

In the present case the petition filed by the plaintiff in error with the clerk of this court for the obtention of the writ of error awarded herein, shows on its face a full and specific statement of the names of about twenty-one other persons who were co-defendants to the judgment rendered in the trial court. The transcript subsequently filed in obedience to the writ by the clerk of the trial court discloses the same number and same names as co-defendants of plaintiff in error in the judgment below. It is evident from this petition and the subsequent transcript of the record below, that it was both "admitted" by plaintiff in error when he obtained this writ and "established" by the transcript subsequently filed, that he was only one of about twenty-one defendants in the judgment in the

trial court. This being true, under the plain language of the statute before quoted (R. S. 1909, sec. 2059), the burden was put upon plaintiff in error to satisfy this court of his right to prosecute the writ sued for without joining the other defendants who were also entitled to bring the writ of error. He has wholly failed to make any such showing. This court would be fully authorized, therefore, to dismiss the present suit because it was not issued "under regulations prescribed by law." It has the inherent right to protect its own jurisdiction by taking any steps proper and necessary so to do, and it is not required, where the want of jurisdiction appears on the face of the record, to await the filing of a formal motion to dismiss a writ of error on that ground. But, if the power of this court to act of its own initiative on the record before it were dependent on the filing of a motion to that end by the defendant in error (which we do not concede), then such a motion is contained in the brief filed in this court in behalf of the defendant in error. Our statute defines a motion: to-wit, "An application for an order is a motion." [R. S. 1909, sec. 2092.] It further requires a motion to contain a "written specification of the reasons upon which they are founded." [R. S. 1909, sec. 1841.] A motion possessing these requisites may be embodied as well in a brief filed in this court as upon a separate piece of paper.

In the case at bar defendant's brief attacks the jurisdiction of this writ of error by alleging that the pecuniary interest of seventeen co-defendants of plaintiff in error would be directly affected by the decision of this court, and that none of these persons "have been served with a notice of any kind of proceeding," and that they are not before this court. This contention embodies a full statement of all the elements of a formal motion to dismiss this case, and the fact that it is set forth in the brief filed herein instead of being

written out in a separate form, cannot deprive this court of the power to consider and act upon it. That such statement in the brief is tantamount to a formal and separate motion has been ruled in the case of Guy v. Mayes, 141 Mo. 441. The point in judgment in that case was the effect of a failure of a plaintiff in error to give notice to the adverse party of the fact that he had sued out a writ of error. The adverse party did not file any separate and formal motion to dismiss on that ground, but made it one of the contentions contained in the brief filed on his behalf, that no such notice had been given. Said the court: "No written notice of the writ of error has been given, and counsel for defendant in error (along with their brief on the merits) make the point that the writ should be dismissed because of the want of notice. Without taking up any other objection to a full review at this time, it is enough to say that the omission to serve a notice of the writ of error, as required by section 2290, Revised Statutes 1889, is fatal to plaintiff's standing here, no good cause being stated for the failure to give the notice. The filing of a brief on the merits (accompanying the objection just mentioned) does not amount to a waiver of the right to insist on that objection." [Citing cases.] The court added: "While to all parties concerned it might not be satisfactory to have an important case disposed of on a purely technical ground, we feel it our duty to enforce the existing law governing the practice on this subject when it is duly invoked. We, therefore, direct that the pending writ of error be dismissed at the costs of the plaintiff in error."

In consonance with this ruling, we hold that the objections to the jurisdiction of this court contained in the brief filed for the defendant in error in this case, are equivalent in all respects to a formal motion to dismiss the writ of error for non-joinder of parties; that the brief having been filed before the submission

of this case. this court has full power to act thereon now, and that the substance of the allegation having been admitted in the petition filed by plaintiff in error for the obtention of this writ, and having been subsequently established when the transcript of the proceedings in the court below was filed herein, the present writ should be dismissed.

II. There is another reason why the writ of error in this case should be quashed. The plaintiff in error filed in the lower court a motion to set aside that portion of the judgment of the lower court which charged the money coming to him as one of the four heirs of John P. Moseley with the interest on an excess of advancement to his father from 1889 up to the time of the rendition of judgment. The only ground which he alleged in said motion was, that the judgment in question had been rendered upon an amended petition filed in the case; that while he had been served with process and copy of the original petition and had defaulted therein, under the statute applicable to suits in partition, as to other civil actions, no judgment could be rendered for a larger or greater sum, in such cases, than was claimed in the original petition. [R. S. 1909, sec. 2100.] He alleged further in his motion that the allowance of this larger judgment was an irregularity apparent on the face of the proceedings; and, therefore, one which it was permissible to set up under the statute (Sec. 2121, R. S. 1909) providing three years within which a motion to set aside a judgment might be filed.

The record proper consists of the process and return, the pleadings, the verdict and judgment in civil cases.

If the point insisted upon by plaintiff in error is available to him, it should be equally so in the circuit court, for his motion for relief under the statute was filed within the statutory limit. A writ of error will

not be entertained to afford relief where the same re-- lief can be obtained in the trial court. This is the general law and has been recognized and affirmed by the rulings of this court. [Fidelity, etc., Co. v. Schuchman, 189 Mo. 468.] That was a case for the correction of a judgment for error apparent on the face of the record in that it failed to show that the judgment on a bond to do a collateral thing should stand as a security for further breaches, but simply provided that it was to be satisfied on the payment of the damages assessed. In dealing with the correction of the judgment in question, the court put its power to act in the matter solely on the ground that the three years within which a motion to set aside and correct the judgment might have been filed under the aforesaid statute, had elapsed, and, therefore, the party was remediless unless relief was afforded by writ of error—thus thoroughly approving in this State the general rule that writs of error will not be awarded for the purpose of remedying a defect in a judgment curable by proper proceeding in the lower court. The statute in question (Sec. 2121, R. S. 1909) is useful for the partial vacation and correction of a judgment as well as for setting it aside altogether.

This has been expressly ruled in the case of Showles v. Freeman, 81 Mo. 540. Said the court in that case, l. c. 543, after quoting the statute: "It has long been the recognized practice of this court that irregular judgments may be set aside on motion filed any time within three years after the term at which such judgment may have been rendered. [Citing cases.] Such irregularity as may be reached by motion is defined to be 'the want of adherence to some prescribed rule or mode of proceeding, and it consists either in omitting to do something that is necessary for the due and orderly conducting of a suit, or doing it in an unseasonable time or improper manner.' [Tidd's Prac. 512, 513.]"

In dealing further with the matter then before the court it was said, also speaking of the judgment: "It could not exceed the amount of the bond. The court could, under no circumstances, render judgment against the sureties for any sum in excess of the bond itself. It was bound not to exceed the penalty in the bond." The court added: "This is such error on the face of the record itself as will authorize this court to reverse the judgment of the circuit court and remand the case for correction, and which is accordingly ordered."

That case is exactly in point in principle with the matter under consideration. If the plaintiff in error is entitled to any relief, it is because of the fact that the judgment was rendered on an amended petition for a larger sum than was claimed in the original petition to which he had suffered a default. If his contention in that respect can be maintained, there is no reason why he should not have redress by the timely proceeding begun by him in less than three years after the judgment was rendered in the trial court.

It is clearly within the jurisdiction of the trial court on a proceeding pending therein to make a proper ruling on that subject. For that reason the plaintiff in error is not entitled, even if he had joined the proper parties, to maintain the writ of error sued out in this court.

The result is that the writ of error awarded in this case is quashed; and the proceeding herein dismissed. *Roy, C.,* concurs.

PER CURIAM.—The foregoing report of the commissioners is hereby adopted as the opinion of the court.