FRANK W. BIESER and R. H. GARVEY v. WEIGHTSTILL WOODS, Appellant.—147 S. W. (2d) 656.

Division One, February 14, 1941.

*Richard H. Woods* for appellant; *James Glenn McConaughy* of counsel.

*Lamm & Barnett* for respondents.

HYDE, C.—This is a suit on a $2000 note, commenced by attachment of land in Camden County owned by defendant, who is a non-resident of this State. A general judgment against defendant was entered for plaintiffs for principal and interest in the total amount of $3911.12, and for $391 attorney's fee. Defendant has appealed.

Defendant contends that this court has jurisdiction of this appeal because constitutional questions are involved. These questions all are based upon a pleading entitled "Plea to Jurisdiction of the Court," filed November 14, 1938. This suit had been commenced a year earlier, on October 21, 1937. An attachment writ was personally served on defendant in Chicago, Illinois, by the Sheriff of Cook County on November 24, 1937. Thereafter, on November 30, 1937, defendant filed the following pleading, entitled "Motion to Dissolve Attachment," to-wit:

"On this 30th day of November, 1937 comes the defendant, Weightstill Woods, a non-resident of the State of Missouri, and *enters his voluntary appearance in this cause;* and now moves that the Court will dissolve the attachment of lands heretofore had and made herein, so that said attachment, and the levy, abstract and record thereof shall be set aside, for naught held, and of no effect for the following reasons:

"1—Because the plaintiff has not given any attachment bond as is in such cases by law made necessary and required:

"2—Because said attachment is grossly excessive, and void.

"And defendant further *moves that this cause proceed as provided by Section 1313, R. S. Mo. 1929, as an ordinary action commenced by summons.*" (Our italics.)

This motion was signed by Richard H. Woods, as defendant's attorney. There was also an affidavit attached, of "Proof of Service of Notice of Motion," signed by defendant himself stating that "he served notice of the foregoing motion . . . upon the plaintiff by mailing a copy thereof, addressed to his attorneys, Lamm and Barnett at Sedalia, Missouri, through the United States mails on November 27th, 1937." Thereafter, on March 26, 1938, defendant filed petition and bond for removal of the cause to the United States District Court for the Western District of Missouri.

This petition contained the following allegations:

"Petitioner says that the attachment writ and summons issued in this cause is returnable to the term of this Court which begins March 28, 1938; and *that the time for the defendant to plead has not expired.* That the suit is one of civil nature over which the District Courts of the United States have original jurisdiction. Plaintiff

claims as assignee of a receiver for a National Banking Association. Said attachment writ demands of your petitioner THREE THOUSAND FIVE HUNDRED FIFTY-FIVE DOLLARS. That in executing said writ at the request of the plaintiff, the sheriff has seized upon property of the defendant whose worth and value are many times Three Thousand Dollars. *That defendant will file a counterclaim upon the same transaction,* by which he should recover far more than three thousand dollars, damages due to petitioner from the plaintiff." (Our italics.)

The cause was removed, and defendant did file an answer and counterclaim in the United States District Court. In this answer, defendant challenged the authority of the receiver of the bank to assign the note sued on to plaintiffs. It also attempted to state something in the nature of a settlement of obligations to the bank with the receiver, which was alleged to be the basis of estoppel. The counterclaim therein stated against plaintiffs was for $10,000 actual and $10,000 punitive damages. It was based on trespass and wrongful attachment of "certain valuable parcels of land which Weightstill Woods had conveyed away several years before to other persons." The United States Court, on September 3, 1938, remanded the cause to the Circuit Court of Camden County. It was after this remand that defendant filed, on October 15, 1938, a pleading entitled "Plea to Jurisdiction over Subject Matter of Suit," in which for the first time he made any contention as to the jurisdiction of the court. Although defendant's abstract shows that a bill of exceptions was allowed and filed, very little of it is set out. Moreover, some important parts of the record proper are omitted. Defendant's abstract leaves out everything, hereinabove referred to, that occurred between the return of the attachment writ, served on defendant in Chicago November 24, 1937, and the filing of an amended petition and an attachment bond by plaintiff on October 17, 1938. These matters are supplied by plaintiffs' additional abstract.

Not only does defendant's abstract omit such obviously essential part of the record proper, as defendant's voluntary entry of appearance and his answer and counterclaim, but he also seeks to keep them out by a motion to strike plaintiff's additional abstract. This motion does not claim that the additional abstract is incorrect, but says that the matters shown therein are not part of the record proper but must be shown as a part of the bill of exceptions. Summons and return are a part of the record proper because they are usually necessary to show the jurisdiction of the court over the parties. [Smith v. Moseley, 234 Mo. 486, 137 S. W. 971, 974; Kelso v. W. A. Ross Construction Co., 337 Mo. 202, 85 S. W. (2d) 527.] Certainly, therefore, any matters, which take the place of process, showing general entry of appearance, must likewise be a part of it. [As to appearance being a part see 4 C. J. S. 1211, sec. 735; 3 Am. Jur. 784,

sec. 6; Gardner v. Gilbirds (Mo. App.), 106 S. W. (2d) 970.] The motion to strike is overruled.

On November 14, 1938, defendant filed his above mentioned "Plea to Jurisdiction of the Court." It is this pleading which is the basis of the constitutional questions, which defendant now claims were raised, such as insufficient service, lack of jurisdiction to render a general judgment and unconstitutionality of attachment statutes authorizing proceedings against non-residents, and which defendant now attempts to present in his brief.

The assignments of error therein stated are, as follows:

"The Circuit Court erred in denying due process of law and equal protection of law to appellant, by proceedings contrary to relevant provisions of the Constitutions of the State of Missouri and of the United States, and erred in taking jurisdiction of this suit by attachment, and erred in making any order against appellant, and erred in sustaining the attachment and erred in entering a general judgment, and erred in ordering a general execution, and erred in entering any judgment to exceed the sum mentioned by affidavit when suit was filed, and erred in failure to quash all writs and dismiss the suit."

Under his points and authorities, defendant states, as Point I (his only numbered point), as follows:

"The rulings and orders of the Circuit Court were not only reversible for their error but are such substantial denials of and departures from that due process of law and equal protection of the law which are vested in and guaranteed to this appellant by the Constitutions of the State of Missouri and of the United States, as to make utterly void the judgment and all orders entered by that court in this suit."

Defendant then sets out sixteen so-called departures. All of these amount to this same contention, namely: that the court had no jurisdiction, to do anything in this case, either because of failure to comply with certain statutory requirements for service, or for other proceedings in attachment, or because of the place of residence of the parties, or because of lack of sufficient notice to comply with due process, or because of unconstitutionality of our attachment statutes under due process and equal protection of law clauses. However, plaintiff waived all that by his voluntary entry of appearance on November 30, 1937, invoking Section 1313, Revised Statutes 1929 (2 Mo. Stat. Ann., 1518), which provides that after such voluntary appearance "a general judgment may be rendered for or against the defendant." [Also as to effect of filing answer and counterclaim see Robinson v. Field, 342 Mo. 778, 117 S. W. (2d) 308.] It would be difficult to write a more complete and comprehensive waiver of process and general entry of appearance than the one filed by defendant on November 30, 1937. Defendant could not affect the jurisdiction, obtained by such voluntary appearance, even if he later abandoned his answer and counter-

claim and thereafter filed a plea to the jurisdiction. Defendant cites, Mertens v. McMahon, 334 Mo. 175, 66 S. W. (2d) 127; but the defendant in that case filed no voluntary entry of appearance asking that the cause proceed "as an ordinary action commenced by summons." There defendant filed his plea to the jurisdiction *first;* and he did not file an answer until his plea to the jurisdiction had been overruled. He then continued such plea by making it a part of his answer, which he had been thus forced to make, by *first* fighting and losing, by an incorrect decision, his battle against jurisdiction.

Here, even in the answer filed, defendant made no claim of unconstitutionality of any attachment statute, or of lack of jurisdiction to proceed to trial on the merits. On the contrary, by this answer, defendant asked the court to try the merits, not only of plaintiffs' claim but also of his counterclaim therein stated. The only reference, in this answer, to the Constitution (which was also only reference thereto in the first plea to jurisdiction of October 15, 1938), was, as follows:

"That said acts and conduct of Frank W. Bieser and his attorneys are contrary to and forbidden by Section 1 of Article 14 of the Constitution of the United States; and are contrary to that portion of Section 2, Article 4 of said Constitution which is as follows: 'The citizens of each state shall be entitled to all privileges and immunities of citizens in the several states;' and contravenes Section 647, R. S. 1929."

These allegations were originally made as a part of the counterclaim, instead of as a defense. However, a mere statement that the acts and conduct of a plaintiff and his attorney are in violation of constitutional provisions is not sufficient to raise any constitutional question, because it does not state or complain of any action of the court, or Legislature, which would be in violation of defendant's constitutional rights. Moreover, without a statement of facts showing or tending to show wherein due process or equal protection of laws was denied, such an allegation "is the mere averment of a legal conclusion." [City of Marshfield ex rel. v. Brown, 337 Mo. 1136, 88 S. W. (2d) 339, and cases cited.] In so far as any specific facts are stated in the answer and counterclaim, these relate either to grounds for damages for wrongful attachment, or to matters waived by voluntary appearance. Defendant's contentions in his brief (made for the first time in his "Plea to the Jurisdiction of the Court" filed November 14, 1938) of unconstitutionality of Section 1278, Revised Statutes 1929 (2 Mo. Stat. Ann., 1494), allowing attachment against a nonresident without bond, and of Section 748, Revised Statutes 1929 (2 Mo. Stat. Ann., 971), authorizing personal service outside of this State, likewise come too late. Defendant waived these matters when he entered his voluntary appearance, as authorized by Section 1278, which he invoked by moving to dissolve the attachment because no

bond had been given; and by also therein specifically invoking Section 1313 and seeking a general adjudication on the merits. Other contentions made, such as the amount of judgment being greater than the amount stated in the attachment affidavit, and failure of the amended petition to state a cause of action because there was no description of defendant's property and because a verified copy of the note was not refiled with it (based on Section 815, R. S. 1929), of course, do not raise constitutional questions. We, therefore, hold that no constitutional questions have been timely presented and preserved for review in this court so as to give us jurisdiction of the cause on appeal.

The cause is transferred to the Springfield Court of Appeals. *Bradley* and *Dalton, CC.,* concur.

PER CURIAM:—The foregoing opinion by HYDE, C., is adopted as the opinion of the court. All the judges concur.