FRANK W. BIESER AND R. H. GARVEY, RESPONDENTS, v. WEIGHTSTILL WOODS, APPELLANT.—150 S. W. (2d) 524.

Springfield Court of Appeals. April 3, 1941.

Rehearing Denied May 8, 1941.

*Richard H. Woods* and *James Glenn McConaughy* for appellant.

*Lamm & Barnett* for respondents.

FULBRIGHT, J.—This is a suit on a $2,000 note commenced by attachment of land in Camden County, owned by defendant, a non-resident of this State. A general judgment against defendant was entered for plaintiff for principal and interest in the total amount of $3911.12 and for $391.00 attorneys' fee. From this judgment defendant appealed to the Supreme Court. On the 21st day of February, 1941, the Supreme Court disposed of the constitutional and jurisdictional questions alleged to be involved and transferred the cause to this court. [Bieser, et al. v. Woods, 147 S. W. (2d) 656.]

The cause was originally instituted on October 21, 1937, by the filing of a petition and affidavit in attachment. The attachment writ was personally served on defendant in Chicago, Illinois, by the sheriff of Cook County, on November 24, 1937. Thereafter, on November 30, 1937, defendant filed the following pleading entitled "Motion to Dissolve Attachment," to-wit:

"On this 30th day of November, 1937, comes the defendant, Weightstill Woods, a non-resident of the State of Missouri, and enters his voluntary appearance in this cause; and now moves that the court will dissolve the attachment of lands heretofore had and made herein, so that said attachment, and the levy, abstract and record thereof shall be set aside, for naught held, and of no effect for the following reasons:

"1. Because the plaintiff has not given any attachment bond as is in such cases by law made necessary and required;

"2. Because said attachment is grossly excessive, and void.

"And defendant further moves that this cause proceed as provided by Section 1313, R. S. Mo., 1929, as an ordinary action commenced by summons."

This motion was signed by defendant's attorney, Richard H. Woods. Attached thereto was also affidavit of "Proof of Service of Notice of Motion," signed by defendant stating that "he served notice of the foregoing motion . . . upon the plaintiff by mailing a copy thereof, addressed to his attorneys, Lamm and Barnett, at Sedalia, Missouri, through the United States mails on November 27th, 1937." On March 26, 1938, thereafter, defendant filed petition and bond for removal of the cause to the United States District Court for the Western District of Missouri. The cause was removed and defendant filed an answer and counterclaim in the United States District Court. On September 3, 1938, the United States Court remanded the cause to the Circuit Court of Camden County. Thereafter, on October 15, 1938, a pleading entitled "Plea to Jurisdiction over Subject Matter of Suit" was filed.

Defendant's abstract shows that a Bill of Exceptions was allowed and filed, but very little of it is set out. Furthermore, important parts of the record proper are omitted. These matters, or at least part of them, are supplied by plaintiffs' additional abstract. Con-

cerning these omissions on the part of the defendant the Supreme Court, in the case of Frank W. Bieser et al. v. Weightstill Woods, *supra*, has the following to say:

"Not only does defendant's abstract omit such obviously essential parts of the record proper, as defendant's voluntary entry of appearance and his answer and counterclaim, but he also seeks to keep them out by a motion to strike plaintiffs' additional abstract. This motion does not claim that the additional abstract is incorrect, but says that the matters shown therein are not part of the record proper but must be shown as a part of the bill of exceptions. Summons and return are a part of the record proper because they are usually necessary to show the jurisdiction of the court over the parties. [Smith v. Moseley, 234 Mo. 486, 137 S. W. 971; Kelso v. W. A. Ross Construction Co., 337 Mo. 202, 85 S. W. (2d) 527.] Certainly, therefore, any matters, which take the place of process, showing general entry of appearance, must likewise be a part of it. As to appearance being a part see 4 C. J. S. 1211, sec. 735; 3 Am. Jur. 784, sec. 6; Gardner v. Gilbirds (Mo. App.), 106 S. W. (2d) 970. The motion to strike is overruled."

Plaintiffs' additional abstract of the record is therefore properly before us.

Since its transfer defendant has filed an additional or supplemental statement, brief and argument, wherein he sets forth the following Assignment of Errors:

"The trial court erred in refusal to quash all writs and dismiss the suit, because there was insufficient pleading and record to sustain any kind of a judgment.

"The Circuit Court erred in entering any judgment for respondents, because they voluntarily sought leave and filed an amended petition without any copy of the note and thereby voluntarily abandoned any benefit of the original complaint.

"The trial court erred fatally in entering a judgment for more than the amount permitted by the amended petition and the attachment statute.

"The trial court erred in entering any judgment for Respondents, because the record shows an incurable defect of parties plaintiff, in that the United States Government would be a necessary party to the action.

"The Circuit Court erred in denying due process of law and equal protection of law to Appellant, by proceedings contrary to relevant provisions of the Constitutions of the State of Missouri and of the United States, and erred in taking jurisdiction of this suit by attachment, and erred in making any order against Appellant, and erred in sustaining the attachment, and erred in entering a general judgment, and erred in ordering a general execution."

The first three paragraphs of this assignment will be considered

together. Plaintiff's amended petition is in conventional form and contains every allegation essential to a good petition. Its sufficiency must be judged by its· allegations and not by the contents of an exhibit attached thereto. But defendant proceeds on the theory that the amended petition was insufficient for the sole reason that the note or certified copy thereof was not attached thereto. The failure to file such an exhibit is merely a defect in the proceedings and does not go to the question of failure of the petition to state a cause of action. [National Bond & Investment Co. v. Miller (Mo. App.), 76 S. W. (2d) 703.] However, it appears that a certified copy of the note was attached to and filed with the original petition and the following reference appears in the amended petition: ''A verified copy of said note is attached to and was filed with the original petition herein.'' It is undisputed that the note was on file at the time the amended petition was filed, so remained, and was offered in evidence in the trial of the cause. We think there was a sufficient compliance with the statute requiring the instrument sued on, or a certified copy thereof, to be filed with the petition. Obviously, the rights of the defendant were not prejudiced and the merits of the action were in no way affected from the fact that the certified copy of the note was not filed simultaneously with, and physically attached to the amended petition. It was on file with the court prior to, at the time, and subsequent to the filing of the amended petition. In this situation it appears that defendant's challenge is extremely technical and strikes only at the sufficiency of the filing of the certified copy of the note. There was not a failure to file, but on the contrary, a substantial, if not a literal, compliance with the statute; a procedure which in no way could affect the merits of the action.

It is provided by statute that an appellate court shall not reverse the judgment of any court unless it believe that error was committed by such court against the appellant materially affecting the merits of the action. [Sec. 1228, p. 343, ·R. S. Mo., 1939.]

The last two paragraphs in the assignment were disposed of in the case of Bieser et al. v. Woods, *supra*. Concerning these and other issues raised in his so called departures, the court said:

''. . . All of these amount to this same contention, namely: That the court had no jurisdiction, to do anything in this case, either because of failure to comply with certain statutory requirements for service, or for other proceedings in attachment, or because of the place of residence of the parties, or because of lack of sufficient notice to comply with due process, or because of unconstitutionality of our attachment statutes under due process and equal protection of laws clauses. However, plaintiff waived all that by his voluntary entry of appearance on November 30, 1937, invoking Section 1313, R. S. 1929, Mo. Stat. Ann., sec. 1313, p. 1518, which provides that after such voluntary appearance 'a general judgment may be rendered for or against the defendant.' ''

Under his "Points and Authorities" defendant also insists, "It is fatal error for the plaintiff in an attachment action, to take judgment for more than the sum claimed in the affidavit, plus subsequently accrued interest. The defendant does not waive this error by coming into court and praying an appeal." In support thereof he cites Section 1310, R. S. Mo., 1929, now Section 1474, R. S. Mo., 1939. This section applies to proceedings in attachment upon constructive service and judgment by default. Defendant seems to disregard Section 1473, Revised Statutes Missouri, 1939, which reads as follows:

"Sec. 1473. Personal service or appearance, effect of—property of defendant, how affected by judgment and execution.—When the defendant has been served with the writ, *or appears to the action,* the proceedings in the cause shall be the same as in actions instituted by summons only, and the judgment and execution shall hold, not only the property attached, but the other property of the defendant." (Italics ours.)

Section 1477, R. S. Mo., 1939, reads as follows: Sec. 1477. Proceedings where defendant is personally served or appears:—When the defendant is summoned to appear, *or shall appear voluntarily,* the like proceedings shall be had between him and the plaintiff as in ordinary actions commenced by summons, and a general judgment may be rendered for or against the defendant." (Italics ours.)

It necessarily follows from the plain statutory provisions that defendant's contention is without foundation.

It does appear, however, that the judgment is excessive in the amount of $300 interest and $30 attorneys' fee. The true amount of the judgment should be as follows:

Principal ........................................$2,000.00
Interest ........................................ 1,611.12

Total ..........................................$3,611.12
10% of Total as Atty. Fee ....................... 361.11

It is therefore the order and judgment of this court, if plaintiffs will enter their *remittitur* of $300 from the judgment of $3911.12 and $30 from the judgment of $391.11 as attorneys' fee, within fifteen days of the rendition of this opinion, the judgment will be affirmed. Otherwise, the cause will be reversed and remanded for a new trial. It is so ordered. *Blair, P. J.,* and *Smith, J.,* concur.