The STATE of Missouri at the relation of A. M. T., by F. W. T., Her Natural Guardian, F. W. T. and L. T., Relators,

v.

Honorable Noah WEINSTEIN, Judge of the Circuit Court of St. Louis County, Missouri, Juvenile Division, Respondent.

No. 32481.

St. Louis Court of Appeals.

Missouri.

Jan. 17, 1967.

Jerome M. Steiner, Clayton, for relators.

Jack E. Koslow, Asst. Pros. Atty., Corinne R. Goodman, Clayton, for respondent.

Norman H. Anderson, Atty. Gen., John C. Klaffenbach, Asst. Atty. Gen., Jefferson City, for amicus curiae.

RUDDY, Judge.

This is an original proceeding wherein relators seek to prohibit respondent, the Honorable Noah Weinstein, Judge of the Juvenile Division of the Circuit Court of St. Louis County, from proceeding in a cause now pending in said division of said court. Honorable Norman H. Anderson, Attorney General of the State of Missouri, requested and was granted leave to file a Brief Amicus Curiae to assist this court in developing the issues of law and fact in this proceeding. In accordance with the leave granted the Brief Amicus Curiae was filed by said Attorney General. We use only the initials of the minor child and the relators herein when referring to them in order to preserve the anonymity of the minor child involved.

In the Petition for Writ of Prohibition filed by relators in this court on December 20, 1965, they alleged that on the 9th day of November, 1965, they were served with Summons "only" in the cause entitled " 'In the Interest of Baby Girl, S———, a Minor Child under the Age of 17 Years,' " and bearing no docket number of the cause pending in the Circuit Court of the County of St. Louis (Juvenile Division). A copy of said Summons was attached as Exhibit A to the petition.

Relators further alleged that on the 17th day of November, 1965, they received a letter dated November 16, 1965, signed by the respondent herein, ordering them to appear for hearing on December 13, 1965, at 9:30 A.M. in the Juvenile Division of the Circuit Court of St. Louis County, Missouri. A copy of said letter was attached to the petition and shown as Exhibit B.

Relators further alleged that on the 1st day of December, 1965, they filed, in said Juvenile Division, a Motion to Dismiss the action as to them on the grounds that:

"a. There was no service or process, pursuant to Section 506.110 R.S.Mo.1959, and Supreme Court Rule 54.04;

"b. That Summons was improperly issued in violation of Section 506.130 R.S.Mo.1959, Section 211.091, Section 211.101, Section 211.111, R.S.Mo.1959, and Supreme Court Rule 54.02;

"c. That the Petition filed in said cause fails to state a cause of action for which the Court can grant relief on any grounds;

"d. That Relators have in their custody only their own legal child, as shown by copy of Birth Certificate filed therewith, showing that the Court lacked jurisdiction to hear and determine any alleged cause of the merits. * * * "

A copy of said Motion to Dismiss was attached to the petition and shown as Exhibit C.

It was further alleged in said petition that after a hearing on said Motion the respondent on the 13th day of December, 1965, entered an order overruling said Motion to Dismiss, and directed relators to appear and respond to said petition on January 17, 1966, at 9:30 A.M., and to otherwise proceed with the case on the merits.

It was further alleged that for the reasons above set forth and as stated in the Motion to Dismiss, respondent had no jurisdiction to proceed with the said alleged cause of action.

As alleged by relators, Exhibit A, the Summons referred to, does not contain any docket number, and although it summons and commands the relators to appear before the Juvenile Division of the Circuit Court, County of St. Louis, it does not contain any date or time for their appearance. The Summons commanded relators:

" * * * to bring the child Baby Girl S——— charged with being within the applicable provisions of 211.031 of the Statutes made and approved, and to then and there abide such order touching the welfare of the said child as to the Court may seem meet and proper. And in this you shall in nowise fail under legal penalty."

Exhibit B, referred to in the petition filed in this Court, is a letter signed by respondent and addressed to the relators informing them that file number 23454 in the matter of Baby Girl S————:

"* * * indicates that you were served in the above matter on November 9, 1965.

"Accordingly, this case is set for hearing on December 13, 1965, at 9:30 a. m. in the Juvenile Court of St. Louis County at 701 S. Brentwood Blvd., Clayton, Missouri.

"You should appear at the hearing with your attorney."

Respondent was granted permission to file suggestions in opposition to the issuance of the requested Preliminary Writ of Prohibition. Thereafter, we issued our Preliminary Writ of Prohibition and directed the respondent to show cause why final judgment in prohibition should not be entered and directed respondent to take no further action in the premises until the further order of this Court.

Thereafter, respondent filed his return and also filed a certified copy of the petition in cause number 23454 pending before respondent in the Juvenile Division of the Circuit Court, County of St. Louis styled, In The Interest of S————, Baby Girl, a child under 17 years of age. This petition was filed on November 5, 1965, by the Juvenile Officer and contained allegations showing that the petition had been duly authorized and that the named child, giving the birth date and residence, was within the County of St. Louis, Missouri, and that the parent of the said child was Carolyn J. S., showing her residence in California. It further alleged that the persons having physical custody are F. & L. T. (Relators in the Prohibition Proceeding) whose residence was in St. Louis County. It was further alleged that "* * * The said child is within the applicable provisions of Section 211.031 of the Revised Statutes of Missouri, as amended, V.A.M.S., in this, to-wit: Child

is in need of care and treatment because child is without legal custody. See information contained in social file." It was further alleged in said petition pending in the Juvenile Court that "* * * The conditions and surroundings of said child, as alleged aforesaid, are such that her welfare requires that her custody be immediately assumed by the Court," and that "* * * Said child cannot receive in her own home, such care, guidance and control as will conduce to the welfare of said child, and the best interests of the State as required by Sections 211.011, through 211.421 of the Revised Statutes of Missouri, as amended [V.A.M.S.]" The said Juvenile Officer, Ralph L. Smith, prayed the Court for an order of custody of said child to be assumed immediately, and that the Summons be so endorsed, and that the Court inquire into the matter and make such orders, judgments, and decrees as were in the premises required. Said petition was duly sworn to by the said Ralph L. Smith, Juvenile Officer of the Court.

Also filed by respondent, in the Prohibition Proceeding before us, was a certified copy of an "Entry of Appearance" executed November 23, 1965, in the Juvenile Court, County of St. Louis, Missouri, in the matter of Baby Girl S————, a minor person and reads as follows:

"Jerome M. Steiner enters his appearance as counsel for F.W.T. & L.T. Permission requested to examine Legal file and Social File.

/s/ Jerome M. Steiner
Atty."

This entry of appearance and request contained the approval of the respondent herein.

During the oral argument of the proceeding before us Jerome M. Steiner, attorney for relators, admitted that he executed and filed his appearance as counsel for the relators and pursuant to his request an order was made permitting him to examine

the legal and social files of the Juvenile Court in the matter of Baby Girl S———.

We issued our Preliminary Writ of Prohibition because relators' petition and the suggestions filed seemed to show that respondent did not have jurisdiction of the persons of relators because of the apparent defective Summons served upon them. However, we were convinced that relators' petition did not show a lack of jurisdiction of respondent of the subject matter before the Juvenile Court.

■ Respondent contends that relators entered a general appearance in the matter before the Juvenile Court and, therefore, they are no longer in a position to challenge the court's jurisdiction of their persons. Relators make no comment in their briefs about the legal effect of the entry of appearance executed by counsel for relators. Clients may authorize an attorney to appear in court for them. He has implied authority to do anything necessary to the discharge of the purpose for which he was retained. The rules of law applicable to principal and agent control the relation between an attorney and his clients. It needs no citation of authorities to show that where an attorney appears for parties in an action, his appearance is recognized by the court and his authority will be presumed, to the extent of giving validity to the proceedings. The appearance in court of an attorney carries with it the presumption of authority to appear and act for his clients. Bowles v. American Brewery, 146 F.2d 842, 847, 7 Am. Jur.2d, Attorneys at Law, § 113, p. 117. He does not represent himself as an individual. He is in the proceeding as the representative and alter-ego of his clients. His acts and appearances are those of his clients and are regarded as having been done by, and binding on, the clients. The procedural acts of the attorney, done in the regular and orderly conduct of a case, are binding on the clients. 7 Am.Jur.2d, Attorneys at Law, § 120, p. 120. When he enters his appearance as attorney it is considered as done by the authority of the clients.

Waltzinger v. Birsner, 212 Md. 107, 128 A.2d 617, l.c. 624. All proceedings taken by the attorney are considered as approved by the clients and, therefore, as their acts. We have related the above as a prelude to a discussion of whether the attorney for relators, in executing his entry of appearance as counsel for relators and requesting permission to examine the legal and social file in the case, which request was made in accordance with the provisions of Section 211.321 of the Juvenile Code and which request, as we have pointed out, was approved by the respondent, effected a general appearance of the relators subjecting their persons to the jurisdiction of the Juvenile Court.

In 5 Am.Jur.2d, Appearances, § 5, p. 482, is the following:

"A general appearance is one whereby the defendant submits his person to the jurisdiction of the court by invoking the judgment of the court in any manner on any question other than that of the court's jurisdiction over his person. It is made by a party when he comes into court and appears in the case in any manner except specially for the specific purpose of challenging the jurisdiction of the court over his person.

" * * * It has been said that the test of a general appearance conferring jurisdiction over the person is whether the defendant becomes an actor in the cause. * * * "

In the case of Mahan v. Baile, 358 Mo. 625, 216 S.W.2d 92, 94, the Supreme Court said:

"An 'appearance,' * * * means the coming into court by either party to the action 'but in its common and particular use it signifies an overt act by which a person against whom suit has been commenced submits himself to the jurisdiction of the court, and is his first act therein.' 6 C.J.S., Appearances, § 1, page 4. The appearance may be express or it may be implied from the defendants

'taking, or agreeing to some step or proceeding in the cause beneficial to himself * * * other than one contesting only the jurisdiction, * * *.' 6 C.J.S. Appearances § 12, page 17. * * *"

Also see State v. Weinstein, Mo., 295 S.W. 2d 62, 66, and Bierser v. Woods, 347 Mo. 437, 147 S.W.2d 656.

In the case of State ex rel. Compagnie Générale Transatlantique v. Falkenhainer, 309 Mo. 224, 274 S.W. 758, 1. c. 761, the court quoting from 4 C.J., § 27, p. 1333, said: "'Broadly stated, any action on the part of a defendant, *except to object* to the jurisdiction over his person *which recognizes the case as in court,* will constitute a general appearance.'" (Emphases ours) 6 C.J.S. Appearances § 13, p. 42.

■ If a party does any act which recognizes the case as in court, he submits to the jurisdiction of the court. This means any act that recognizes the case as pending in court, such as the seeking of some affirmative relief at the hands of the court. 5 Am.Jur.2d, Appearances, § 16, p. 491, 492, explains the reasoning behind this doctrine, where it is said:

"* * * The reason underlying the doctrine is that no such action can be taken unless the court has jurisdiction of the defendant's person, and he is not entitled to any such affirmative relief or favorable ruling unless the court has such jurisdiction. When he seeks such relief, he necessarily assumes the attitude that jurisdiction has been acquired, and having taken that position he is bound thereby, and will not be heard afterward to say otherwise. * * *"

■ Applying what we have said to the facts of the instant proceeding we find that relators' attorney requested permission to examine the legal and social file in the Juvenile Court proceeding. Pursuant to Section 211.321 of the Juvenile Code these records shall be open for inspection only by order of the court to persons having a legitimate interest therein. The request made by the attorney was affirmative in nature and called for affirmative action on the part of the court. It was necessary for the court to determine that the attorney representing these relators did have a legitimate interest in the legal file and the social file, and pursuant to the discretion lodged in him by said section the respondent took affirmative action beneficial to the relators when he approved their request. We are unable to see how relators can make such request of a court through their attorney, which shall be of such a character as shall justify the court in acting upon it, unless the relators are to be regarded as in some way making an appearance. Through their attorney they invoke the action of the court. The request was made in writing by their authorized representative and in our opinion that would constitute an appearance. It has been held that any action on the part of the defendant in a case, except to object to the jurisdiction, which recognizes the case as in court, will amount to a general appearance. The general rule is that an appearance for any other purpose than to question the jurisdiction of the court is general. In the case of Wechsler v. Davis, 209 Mo.App. 570, 239 S.W. 554, 1. c. 556, the court said:

"The rule is that, in order for one's appearance to be special, the order, plea, or motion must expressly state that the appearance is only for the purpose of excepting to the jurisdiction, or, at least, the order, plea, or motion on its face must appear to be a special appearance for that purpose. (Citing cases).

"It is stated in 4 C.J. p. 1318, par. 5:

'A defendant appearing specially to object to the jurisdiction of the court must, as a general rule, keep out of court for all other purposes. In other words, he must limit his appearance to that particular question or he will be held to have appeared generally and to have waived the objection.'"

In the case of Roberts v. American Nat. Assur. Co., 201 Mo.App. 239, 212 S.W. 390, 392, the court said:

" * * * Of course, if defendant takes any step in court which involves, even by implication, a submission to, or an admission of, its power and authority to act in that case, and does this without first questioning the jurisdiction on account of improper venue, then the lack of jurisdiction on that account would doubtless be waived by such a course. * * * "

In the same opinion the court said:

"If the complaint of lack of jurisdiction had been based on want of notice or defective or insufficient service, then no doubt the taking of depositions and the signing of a stipulation as to facts conceded would constitute a waiver of that defect. Because, such acts would necessarily imply that defendant was admitting that it had notice of the suit, and regardless of whether it had been properly served or not, it was proceeding as if service was regular. * * * "

In the instant case the sole basis for relators' contention that the Juvenile Court does not have jurisdiction of their persons is that the Summons served upon them was defective. The action of the attorney for relators in requesting and receiving the permission mentioned necessarily implied that relators were admitting through their attorney that they had notice of the proceeding and their attorney was entering his appearance and seeking favorable action from the court on his request. And as said in the aforementioned case regardless of whether relators had been properly served or not, the attorney's entry of appearance and request of action of the court was a proceeding as if service was regular. It is the rule, supported by many authorities, that when a defendant or other party to a law suit contends that the court has no jurisdiction over his person because of a lack of or defect in the service of process, his motion or application or entry of appearance of himself or of his attorney for

that purpose must be confined to the jurisdictional question and if the appearance is not limited to that purpose alone and he appears for another purpose he is held to have appeared generally. Such a general appearance cures any and all defects of service of process. As we have pointed out, there exists a presumption that an appearance is general if the record fails to show that it is otherwise. As will be noted the motion of relators in the Juvenile Court to dismiss the action wherein they attack the jurisdiction of the court over their persons, was filed subsequent to the appearance of relators' counsel and request for action by the court. A special appearance for the purpose of attacking the jurisdiction of the court can be made only before a general appearance. Once a general appearance is made, a special appearance can not be made that will effectively question the court's jurisdiction over these relators' persons. 5 Am.Jur.2d, Appearances, § 13, p. 490.

In view of what we have said we rule that the entry of appearance of Jerome M. Steiner, as attorney for relators, coupled with his request for some action on the part of the court, constituted a general entry of appearance and had the effect of waiving any defects in the Summons served upon the relators and therefore the Juvenile Court had jurisdiction over the persons of the relators.

Before leaving our discussion on this matter we point to the failure of relators' attorney to disclose, at the time he filed the relators' Petition for Writ of Prohibition, the existence of the entry of appearance and request made of respondent. Had we been so informed our Preliminary Writ of Prohibition would not have been issued and thus the writing of this opinion would have been unnecessary and the consequent delay in the Juvenile Court proceeding would have been avoided. An attorney in his dealings with the court should always make full disclosures to the court and should never seek to mislead the court into unnecessary or unwarranted action by

any artifice or concealment. We think it was the responsibility and duty of relators' attorney to give us a frank and complete résumé of all the actions he had taken in the Juvenile Court proceeding that was pending before respondent at the time said attorney filed relators' Petition for Writ of Prohibition.

Relators continue to contend that the respondent does not have jurisdiction over the subject matter before the Juvenile Division of the St. Louis County Circuit Court. The petition filed November 5, 1965, by the Juvenile Officer stated that the child involved was within the applicable provisions of Section 211.031 of the Juvenile Code as amended, and that the " * * * child is in need of care and treatment because child is without legal custody." Section 211.031, supra, provides that the Juvenile Court shall have exclusive original jurisdiction in proceedings involving any child who may be within the county who is alleged to be in need of care and treatment because: "the child is otherwise without proper care, custody or support." This jurisdiction attaches over any child regardless of whether or not the child be natural born, adopted, or held in unlawful custody. The petition was duly authorized as required by Section 211.081 and sets forth the requirements of 211.091, and also sets forth allegations questioning not only the custody of the child, but also the care, guidance, and welfare of the child. All other allegations necessary to confer jurisdiction on the Juvenile Division of the St. Louis County Circuit Court are contained in the petition and, therefore, confer jurisdiction on the respondent over the subject matter.

However, relators seem to rest their contention that the Juvenile Division of St. Louis County Circuit Court does not have jurisdiction to act in this matter on a decree of adoption granted to them in the Circuit Court of Illinois on September 24, 1965. Relators contend that respondent is attempting to act in violation of Article

IV, Section 1 of the Constitution of the United States which requires that full faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state. In this connection they state that "Respondent, although being apprised that on September 24, 1965, the Circuit Court of Marion County, Illinois, granted a Decree of Adoption whereby Baby Girl S_____, a Minor, and relator in the present case was adopted by Mr. and Mrs. F.W.T., husband and wife, in accordance with the Laws of the State of Illinois, on December 13, 1965, overruled Relators' Motion to Dismiss * * *." They contend that despite the fact this matter was brought to the attention of respondent at the time they presented their Motion to Dismiss respondent overruled their said motion. This contention of relators is rather puzzling inasmuch as there is nothing in the record to support relators' contention and there is no showing that the Juvenile Court has as yet heard testimony or received evidence regarding any possible issue of full faith and credit in connection with the alleged decree of adoption. The puzzle becomes greater when we note that relators' Motion to Dismiss presented to the respondent did not contain any allegation regarding a decree of adoption; instead, it stated "That Relators have in their custody only their own legal child, as shown by copy of Birth Certificate filed therewith, * * *." There is nothing before us to show that the lower court failed to give full faith and credit to the alleged decree of adoption obtained in Illinois. What relators have done is to set up an imaginary issue and then proceeded to assail it. The so called issue raised by relators regarding "full faith and credit" of the adoption decree is not properly before this court. Moreover, such an issue could only come before the Juvenile Court in connection with the assertion of an affirmative defense in response to the charge that relators hold the child without legal custody. The assertion of such an affirmative defense would in no way deprive the respondent of jurisdiction

over the subject matter of the proceeding pending before him.

We rule that the Preliminary Writ of Prohibition was improvidently issued and should be quashed. It is so ordered.

WOLFE, P. J., and ANDERSON, J., concur.