Gerhard FLEGEL et al., Appellants,

v.

John HOLMES et al., Respondents.

No. 42582.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 14, 1981.

Dallas W. Cox, Jr., St. Louis, for appellants.

Kim B. Blankenship, St. Louis, for respondents.

REINHARD, Judge.

Plaintiffs appeal following the trial court's order dismissing their suit.

Plaintiffs initially brought separate suits in St. Louis County Associate Circuit Court against two defendants: John Holmes, and John Holmes & Sons, Inc. Plaintiffs alleged that defendants had breached a "hunting services contract" concerning a

hunting trip in Canada. Counsel for defendants thereafter moved to dismiss the suits "for plaintiffs' failure to name the proper party defendant." After this motion was denied, defendants' counsel entered a general appearance on behalf of both defendants, and requested a jury trial in each case; he also moved to consolidate the cases, and the court granted this motion.

Subsequently, plaintiffs filed an amended petition, in which Tucho Lake Outfitters, Ltd. ("Tucho Lake") was named as an additional defendant. All three defendants thereafter by "special appearance" filed a "motion to dismiss for lack of jurisdiction," which asserted that each of the defendants was not subject to the personal jurisdiction of Missouri courts. Defendants submitted an affidavit in support of their motion, and plaintiffs submitted a counter affidavit, with attached exhibits, in opposition; the court thereafter sustained defendants' motion.

On appeal, plaintiffs assert that the trial court erred in ordering the case dismissed, because defendants had already waived any objection to the court's jurisdiction over them before they attempted to attack the court's personal jurisdiction.

■ Here, we must conclude that by their acts, defendants John Holmes, and John Holmes & Sons, Inc., had submitted to the court's jurisdiction. Before attacking the court's jurisdiction, these defendants, through counsel, had moved to dismiss for failure to name the proper party, requested jury trial, moved to consolidate the cases, and entered an unqualified appearance before the court. It is clear that by these acts, defendants recognized the case as before the court and assumed an attitude that the court had acquired jurisdiction over them; they had therefore submitted themselves to the court's jurisdiction and waived any subsequent objection to personal jurisdiction. *Germanese v. Champlin*, 540 S.W.2d 109, 112 (Mo.App.1976); *State ex rel. A.M.T. v. Weinstein*, 411 S.W.2d 267, 272–73 (Mo.App.1967). We hold that, in regard to defendants John Holmes, and

John Holmes & Sons, Inc., the trial court erred in ordering dismissal of plaintiffs' suit.

■ Defendant Tucho Lake Outfitters, Ltd. however, did not waive its objection to the court's personal jurisdiction because it was added as a defendant after counsel's entry of appearance and motions on behalf of the other defendants. The only action taken on behalf of Tucho Lake was the filing of the motion to dismiss for lack of jurisdiction, which did not amount to a general entry of appearance. *See State ex rel. A.M.T. v. Weinstein*, 411 S.W.2d 267, 272–73 (Mo.App.1967).

Plaintiffs argue that even if lack of personal jurisdiction was not waived by Tucho Lake, the trial court nevertheless erred in ordering dismissal because the trial court had personal jurisdiction over all the defendants by virtue of Missouri's "long-arm" provisions. *See* § 506.500, RSMo 1978; Rule 54.06. The initial determination as to jurisdiction was for the trial court. *State ex rel. Peoples Bank v. Stussie*, 536 S.W.2d 934, 939 (Mo.App.1976). In the hearing before the trial court on the jurisdictional issue, both plaintiffs and defendants chose to present their evidence by affidavit. Defendants' affidavits in support of their motion to dismiss stated facts sufficient for the court to determine that the contract was not entered into in Missouri, and that defendants had not transacted any business in Missouri. Plaintiffs' affidavits and supporting documents were sufficient for a contrary finding to be made. Under Rule 55.28, affidavits may be offered as evidence on motions, but, as in the case of oral evidence, the trial court can believe or disbelieve the statements made in such affidavits. *Cloyd v. Cloyd*, 564 S.W.2d 337, 343 (Mo.App.1978). Under these circumstances, we cannot say that the trial court erred in determining that it did not have jurisdiction over defendant Tucho Lake.

The trial court's order is affirmed in regard to defendant Tucho Lake Outfitters, Ltd.; it is reversed in regard to defendants John Holmes, and John Holmes & Sons,

Inc., and the cause is remanded for further proceedings as to these two defendants.

CRIST, P. J., and SNYDER, J., concur.