**In re Marriage of Lalanie Lee (Worley) KINDER, Appellant,**

v.

**Delmar Lee WORLEY, Respondent.**

**No. 44775.**

Missouri Court of Appeals,
Eastern District,
Division Three.

July 20, 1982.

Thomas L. Arnold, John P. Heisserer, Benton, for appellant.

Francis J. Elpers, Ste. Genevieve, for respondent.

CLEMENS, Senior Judge.

The issue in this dissolution case: Did the husband's signed entry of appearance give the trial court in personam jurisdiction? If it did, the court could by execution enforce its $2,290 judgment for child support and attorney fees; if it did not have in personam jurisdiction the challenged execution was void.

Below, the husband challenged the execution, claiming the court did not have in personam jurisdiction over him. The court quashed the execution.

The wife has appealed contending the husband's challenged entry of appearance was effective; that it gave the court jurisdiction to render the in personam judgment. We agree.

The challenged document was signed by defendant and filed in the circuit court. Omitting its caption and emphasizing critical words it read: "Comes now Respondent, DELMAR LEE WORLEY, states that he had received a copy of all pleadings in the above cause, cannot be present at the hearing on December 2, 1980, but *consents to the court proceeding without him present.*"

Husband cites but one Missouri case, *State v. Weinstein*, 411 S.W.2d 267 (Mo. App.1967). It is not in point; it was a juvenile court case concerning an attorney entering his client's appearance. But by obiter the case did hold, contrary to this defendant's contention: "If a party does any act which recognizes the case as in court, he submits to the jurisdiction of the court."

In *Germanese v. Champlin*, 540 S.W.2d 109 [5–8] (Mo.App.1976) we followed *Weinstein*, supra, and ruled that when "a party takes any action in a case which recognizes the case as being in court, this will amount to a general appearance". Here, defendant's challenged entry of appearance did just that. He was not entitled to evade his wife's judgment.

We reverse and remand with instruction to reinstate plaintiff-wife's judgment and execution for child support and attorney's fees.

REINHARD, P. J., and SNYDER and CRIST, JJ., concur.