In Re The ESTATE OF Mabel
E. FREIN, Deceased

Mary J. FENLON, Appellant,

v.

Robert J. FREIN, Respondent.

No. 71239.

Missouri Court of Appeals,
Eastern District,
Division Four.

April 7, 1998.

Motion for Rehearing and/or Transfer to
Supreme Court Denied May 27, 1998.

Gregory G. Fenlon, Godfrey & Fenlon, St. Louis, for Appellant.

James J. Leightner, Diekman & Leightner, Clayton, for Respondent.

SIMON, Judge.

Mary Jean Fenlon, appellant, appeals from a judgment of the Probate Court of St. Louis County, entered on August 15, 1996 ordering her as Personal Representative of the Estate of Mabel E. Frein, deceased, to distribute to Robert J. Frein, respondent, $4,597.27 with costs and interest thereon at nine percent per year from August 16, 1993 and entering judgment in favor of respondent against appellant, personally. Mabel E. Frein was the mother of appellant and respondent.

On appeal, appellant contends that the trial court erred in: (1) entering judgment because it lacked jurisdiction over appellant individually; (2) refusing to accept the motions to disqualify the trial judge on the grounds that the application was untimely filed; (3) refusing to accept the motions to disqualify the trial judge on the grounds that the verifying affidavit was not signed by the party in interest; (4) exceeding its jurisdiction in denying appellant's motion to disqualify; and (5) taking judicial notice of parts of the court file without identifying such parts and allowing appellant to review them.

Reviewing a court-tried case, we will affirm the judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.banc 1976).

The record reveals that on August 6, 1993, appellant filed a "Petition for Approval of Final Settlement and Distribution of the Property of the Estate of Mabel E. Frein." On August 16, 1993, the trial court approved the final settlement and distribution and determined that the value of the personal property of the estate was $64,291.57. The court ordered that $1,500.00 be paid from Robert J. Frein's distributive share to Gregory Fenlon for his attorney's fees, and $2,065.00 to be paid to Lee Kline, attorney for a creditor of respondent, pursuant to the writ of garnishment. After the deductions, respondent's distributive share of the estate was $28,580.78.

On August 6, 1993, respondent received from the appellant a check in the amount of $23,983.51 in partial payment of his share of his mother's estate. Respondent received no other payment, leaving $4,597.27 as the remaining share due him. On February 24, 1994, an order was issued closing the file and terminating the proceedings in the Estate of Mabel E. Frein for failure of the personal representative to file final receipts as required by law.

On July 9, 1996, respondent filed a motion for contempt against appellant for failure to complete distribution of the estate's property. The trial court accepted the motion and it was renamed "Motion to Compel Distribution." The motion sought an order of contempt against appellant and to compel her as personal representative to pay over the balance of the estate in the amount of $4,597.27, with interest from August 6, 1993. Respondent served notice of the motion upon the attorney for appellant by ordinary mail on July 26, 1996. On July 9, 1996, the trial court issued an order reopening the file and set a hearing on the motion to compel distribution for August 5, 1996. The record does

not indicate any hearing in this matter prior to August 5, 1996.

On August 1, 1996 appellant's attorney attempted to file a motion to disqualify the trial judge, which was not accepted on the grounds that it did not comply with Section 472.060 RSMo 1994 (all further references shall be to RSMo 1994 unless noted otherwise). On August 5, 1996, before the hearing on the motion to compel distribution, appellant's attorney filed a motion to disqualify the trial judge. At the hearing on the motion to compel distribution the trial court considered appellant's motion to disqualify the trial judge and again refused to grant the motion on the grounds that it was untimely filed and that the verifying affidavit was not made by the party in interest. Arguments on the motion to compel distribution were heard, and the trial court ordered appellant as personal representative to distribute to respondent $4,597.27 with simple interest at nine percent per anum from August 16, 1993, on any unpaid portion and court costs advanced by the respondent and entered judgment for such amounts in favor of respondent against appellant personally.

■ In her first point, appellant claims that the trial court lacked personal jurisdiction over her as an individual and that the judgment was void against her because she was not personally served and because the pleadings sought relief solely against the personal representative. Appellant contends that the court lacked jurisdiction over her personally, because the February 24, 1994 order closing the estate and terminating proceeding became a final judgment on March 26, 1994, and that because respondent did not file a motion to reopen the closed estate under Section 511.250 within the three years allowed, the order became conclusive.

Section 511.250 provides:

Judgments in any court of record shall not be set aside for irregularity, on motion, unless such motion be made within three years after the term at which such judgment was rendered.

■ An order closing the file and terminating proceedings does not discharge the personal representative from her duty to complete distribution as ordered in the final decree. Until the probate court has ordered the administrator of an estate discharged, the estate is not closed, and a final settlement therein is not a binding judgment, although approved by the court. *State ex rel. Noll v. Noll,* 189 S.W. 582, 582 (Mo.App. 1916). Further, Section 473.653 provides, "when an order is made by the court upon an executor or administrator to pay over money to the... legatees, or distributees of an estate, and he fails to make such payment, the same proceedings may be had against him and his sureties." This is echoed further in Section 473.660 and Section 473.013.

Here, the respondent had petitioned the court to approve the final settlement and distribution and had made partial payment pursuant to the court's order approving the petition. However, after three years, the appellant had failed to complete distribution and file receipts and had not been discharged by the court. Therefore, the trial court retained jurisdiction over her individually.

■ Further, appellant contends she was not individually served notice. However, pursuant to Section 472.100(8), which mirrors Rule 43.01(b),(c)(1), service is not required upon her individually. Section 472.100(8) provides:

If an attorney has entered his appearance in writing for any party in any probate proceeding or matter pending in the court, all notices required to be served on the party in the proceeding or matter may be served on the attorney and such service shall be in lieu of service upon the party for whom the attorney appears. Service on an attorney may be made by ordinary mail or by leaving a copy of any notice or paper at his office with his clerk or with an attorney employed by or associated with the attorney to be served.

Appellant did not complete distribution as ordered in the court's order approving final settlement and order of distribution of August 16, 1993, and she offered no evidence at the hearing on August 5, 1996 to support a finding that distribution was complete. Moreover, the order of February 24, 1994 was a direct result of appellant's failure to complete distribution and file final receipts

as required by Section 473.660. Therefore, appellant was not relieved of her duty pursuant to Sections 473.563 and 473.660, and service of the respondent's motion to compel upon the appellant was properly accomplished by mailing a copy of the motion to the appellant's attorney of record pursuant to Section 472.100(8). Point denied.

■ In her second point, appellant contends that the trial court erred in refusing to accept her motions to disqualify on the grounds that the motions were untimely filed, because there is no time limitation for filing a motion to disqualify a probate judge under Section 472.060. The appellant relies on *State ex rel Nassau v. Kohn*, 731 S.W.2d 840, 842 (Mo.banc 1987), which involves the determination as to the timeliness of a motion to disqualify judges pursuant to Section 472.060, which provides:

No judge of probate shall sit in a case in which he is interested, or in which he is biased or prejudiced against any interested party, or in which he has been counsel or a material witness, or when he is related to either party, or in the determination of any cause or proceeding in the administration and settlement of any estate of which he has been personal representative, conservator, or guardian, when any party in interest objects in writing, verified by affidavit; and when the objections are made, the cause shall be transferred to another judge, in accordance with the rules of civil procedure relating to change of judge, who shall hear and determine the same; and the clerk of the circuit court or division clerk shall deliver to the probate division of the circuit court a full and complete transcript of the judgment, order or decree made in the cause, which shall be kept with the papers in the office pertaining to such cause.

In *Nassau* our Supreme Court explained: Section 472.060, unlike Rule 51.05, does not explicitly provide a time limitation for the filing of a motion to disqualify. However, we agree with the general proposition ... that a party may in effect waive his right to disqualify under Section 472.060 through delay in filing the motion. Accordingly, we hold that a party who unduly delays the filing of a motion to disqualify under Section 472.060 waives his right to automatic disqualification under that statute ....

■ The difficult question is not whether a filing of a motion under Section 472.060 must be made by an exact moment, but, rather, at what stage in the proceeding has there been sufficient delay in the motion's filing to render it untimely? Keeping in mind that "the right to disqualify a judge ... is one of the keystones of our legal administrative edifice" and that disqualification provisions are to be liberally construed in favor of the right to disqualify, *State ex rel Campbell v. Kohn*, 606 S.W.2d 399, 401 (Mo.App. 1980), we believe the motion is not untimely filed unless it is clear from the record that the "trial" or hearing of the matter has commenced or the cause ordered taken under submission by the court. *Nassau* at 842.

Although our Supreme Court recognized that there are no explicit time limitations for filing a motion to disqualify a judge in a probate case, it determined that there is a deadline which exists to prevent unnecessary burden upon judicial administration caused by unreasonable delay.

Reviewing the record we find no indication of any hearing or trial relating to the final settlement and distribution of the estate prior to the August 5, 1996 hearing on the motion to compel. Appellant attempted to file her motion to disqualify the trial judge on August 1, 1996 and again on August 5, 1996. Because both filings were made prior to or on the day of the hearing of August 5, 1996, they were filed before the deadline imposed pursuant to Section 472.060. As a result, we find that appellant's motion to disqualify the trial judge was timely filed, and that the trial court improperly denied the motion pursuant to Sec 472.060.

■ In her third point, appellant contends that the trial judge erred in refusing to accept her motions to disqualify because the verifying affidavit was not made by the "party in interest."

It has been recognized that the attorney-client relationship is an agency relationship governed by the same rules which apply to

other agencies. *Southwestern Bell Tel. Co. v. Roussin*, 534 S.W.2d 273, 276 (Mo.App. 1976). Furthermore, it has been stated that an attorney does not represent himself as an individual, but is in a proceeding as the representative and alter ego of his clients and his acts, appearances and procedural acts are those of his clients and are regarded as having been done by, and binding on, the clients. *State v. Weinstein*, 411 S.W.2d 267, 272 (Mo.App.1967).

In the instant case the affidavit supporting the appellant's motion to disqualify reads, "Comes now Mary Fenlon, by her attorney, Gregory G. Fenlon ..." The affidavit in support of the motion was made by appellant's attorney, reciting his capacity as agent and representative of the appellant, Mary Jean Fenlon. Liberally construing Section 472.060, we find that the affidavit of appellant's attorney satisfies the requirements of Section 472.060, and the trial court erred in refusing to accept appellant's "Motion to Disqualify."

■ In her fourth point, appellant contends that the trial court exceeded its jurisdiction in denying the appellant's motion to disqualify judge, because once a proper motion is timely filed the court loses jurisdiction on the case except for the purpose of transferring the case to another judge. A judge is without jurisdiction and a writ of prohibition lies if, upon proper application for disqualification, a judge fails to disqualify himself. *State ex rel. Raack v. Kohn*, 720 S.W.2d 941, 943 (Mo.banc 1986). Since we have determined that the appellant's motion was properly filed, we must agree that the trial court exceeded its jurisdiction by proceeding with the cause.

When the appellant made a proper and timely objection seeking disqualification of the judge, the trial court should have followed the statutorily mandated procedure for disqualification and should have certified the case to another judge. *Raack*, 720 S.W.2d 941 at 943. In *Campbell*, 606 S.W.2d 399 at 402, we noted that, "the motion to disqualify clearly states that the disqualification is made as to any further proceedings with respect to the estate ... and the disqualification sought therefore applies to all of the matters in the estate that are then pending or that become pending in the future."

Here the appellant's motion clearly seeks disqualification in "any further cause" relating to the estate. Moreover, the only cause pending before the trial court was the motion to compel distribution. Because the trial judge was without jurisdiction to hear the case, we find that the judge should have disqualified himself and transferred the cause to another judge pursuant to Rule 51.05(e)(2).

■ In appellant's fifth point, she contends that the court erred by taking judicial notice of the court file without identifying such parts and allowing the appellant the opportunity to attempt to determine on cross examination the accuracy of the court's findings on judicial notice. Courts are permitted to take judicial notice of their own records. *Tudor v. Tudor*, 617 S.W.2d 610, 614 (Mo. App.1981). Here the court took notice of its own record. The record reveals that the portion of the court file in question is appellant's "Petition for Approval of Final Settlement and Distribution of the Property of the Estate of Mabel E. Frein," and the court's order approving the appellant's petition. In any event, on remand, this matter may not reappear. Respondent's motion for damages for frivolous appeal is denied.

Judgment reversed and remanded.

ROBERT G. DOWD, Jr., P.J., and HOFF, J., concur.